UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

JAMES WALTON,

        Defendant.

**DECISION AND ORDER**

6:17-CR-06079 EAW

## I. BACKGROUND

Defendant James Walton ("Defendant") stands accused by way of a two-count Indictment returned on August 22, 2017, with Bank Fraud in violation of 18 U.S.C. § 1344 (Count One), and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Two). (Dkt. 22). Defendant moved to suppress statements he allegedly made in June 2016, at his home in Frederick, Maryland, to two FBI agents (Agents Wojtkonski[1] and Horner), and to dismiss Count One of the Indictment as duplicitous. (Dkt. 40 at 5-10). After an evidentiary hearing at which Agent Horner testified, Defendant filed a motion to reopen the hearing to compel the testimony of Agent Wojtkonski. (Dkt. 47). United States Magistrate Judge Marian W. Payson[2] issued a thorough Report and Recommendation on

---

[1] The parties appear to have spelled Agent Wojtkonski's name without the "t" in their filings (Dkt. 56; Dkt. 57), but the Report and Recommendation and transcript both spell the name with a "t" (Dkt. 51; Dkt. 54). The Court has used the spelling from the Report and Recommendation and transcript.

[2] The Court referred pretrial matters to Judge Payson pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Dkt. 23).

- 1 -

October 22, 2018, recommending that Defendant's motions be denied. (Dkt. 54). Familiarity with that Report and Recommendation is presumed for purposes of this Decision and Order.

Defendant timely filed objections to the Report and Recommendation on November 26, 2018 (Dkt. 56), and the Government filed a response on December 10, 2018 (Dkt. 57), at which time the matter was taken under advisement (Dkt. 58). In addition to the foregoing, the Court has reviewed the transcripts of the proceedings conducted before Judge Payson (Dkt. 50; Dkt. 51), as well as Defendant's initial motion papers (Dkt. 40), the Government's response (Dkt. 41), and the parties' supplemental motion papers (Dkt. 47; Dkt. 48; Dkt. 52; Dkt. 53).

For the reasons set forth below, the Court adopts the Report and Recommendation (Dkt. 54) in its entirety, and Defendant's motions (Dkt. 40; Dkt. 47) are denied.

## II. STANDARD OF REVIEW

A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to suppress, under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

In conducting its *de novo* review, the district court must give appropriate deference to the credibility determinations made by the magistrate judge who conducted an evidentiary hearing and observed the witness testimony. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) (district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings); *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (holding that "without an evidentiary hearing, the District Court could not reject the Magistrate Judge's proposed credibility finding"); *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013) ("The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings."); *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) ("The district court, however, may not reject the magistrate judge's credibility findings without conducting an evidentiary hearing at which the district court has the opportunity to observe and evaluate witness credibility in the first instance.").

On the other hand, objections to any non-dispositive decision by a magistrate judge are reviewed under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Feneziani*, No. 05-CR-290E, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (quotation omitted) (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge

abused his discretion." *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (quotations omitted); *see also S.E.C. v. Verdiramo*, 890 F. Supp. 2d 257, 266 (S.D.N.Y. 2011) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes. . . .") (citing *Flaherty v. Filardi*, No. 03 Civ. 2167 (LTS)(HBP), 2009 WL 749570, at *19 (S.D.N.Y. Mar. 20, 2009)).

### III. <u>SUPPRESSION MOTION</u>

As an initial matter, the Court agrees with the Government's position (Dkt. 57 at 6, 9-12), that the standard of review applicable to Judge Payson's denial of Defendant's request to compel the testimony of Agent Wojtkonski is the deferential clearly erroneous or contrary to law standard. In other words, this Court reviews Judge Payson's recommendation that the suppression motion be denied *de novo*, but decisions concerning the manner in which the motion was adjudicated are not dispositive. *See generally United States v. Pirk*, 282 F. Supp.3d 585, 590 n.4 (W.D.N.Y. 2017).

However, even under a *de novo* standard of review, the Court agrees with Judge Payson that Agent Horner's testimony was sufficient to allow the Court to determine whether Defendant was in custody at the time Agents Horner and Wojtkonski interviewed him at his home. Having reviewed the transcript of the proceedings before Judge Payson, the Court finds that Agent Horner "was able to testify about the circumstances of the[] interview with sufficient detail, clarity, and assurance to enable the Court to confidently resolve the question of custody." (Dkt. 54 at 12). The fact that Agent Horner "was unable to recall many of the specific questions and answers, verbatim responses, or the identity of

the agent who asked a particular question is not uncommon, particularly more than two years after an interview." (*Id.* at 11). Even if it was Defendant's burden of proof to establish custody (*see* Dkt. 56 at 10), an issue the Court specifically does not resolve, Defendant has failed to identify any relevant information that he was unable to elicit from Agent Horner on the issue of whether he was in custody. This conclusion is only further buttressed by the conclusory nature of Defendant's affidavit, utilized to obtain the hearing in the first place, which lacked any facts supporting Defendant's assertion that he felt as though he had no choice but to answer the agents' questions and did not feel free to leave. (*See* Dkt. 40-1 at ¶ 3).

In sum, even if a *de novo* standard of review applied to Judge Payson's denial of Defendant's request to compel Agent Wojtkonski's testimony, and even if Defendant had the burden of proof to establish that he was in custody at the time of his alleged statements, the Court finds Defendant's objections on the suppression issue unpersuasive. As a result, for the reasons set forth more fully in the Report and Recommendation, the Court easily concludes that Defendant was not in custody at the time of his alleged statements.

## IV. <u>MOTION TO DISMISS</u>

The Court reviews Judge Payson's recommendation concerning the motion to dismiss *de novo*. Based upon the Court's *de novo* review, the Court agrees with Judge Payson that Count One is not duplicitous. Any issues with respect to unanimity can be addressed at trial through jury instructions. Therefore, for the reasons set forth in detail in the Report and Recommendation (Dkt. 54 at 2-5), the motion to dismiss Count One is denied.

## V. CONCLUSION

For the foregoing reasons, the Court accepts and adopts the Report and Recommendation (Dkt. 54) in its entirety. Based upon the reasons set forth above and for the reasons set forth in the Report and Recommendation, Defendant's motions (Dkt. 40; Dkt. 47) are denied.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　ELIZABETH A. WOLFORD
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: January 4, 2019
　　　　Rochester, New York